570 F.2d 541
 17 Fair Empl.Prac.Cas. 279, 16 Empl. Prac.
 Dec. P 8300
 
 Jose L. LOPEZ et al., Plaintiffs-Appellants,
v.
ARANSAS COUNTY INDEPENDENT SCHOOL DISTRICT et al.,
Defendants-Appellees.
 No. 77-2531
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 March 31, 1978.
 Dorothy Flores, Joaquin G. Avila, Patricia Vasquez, Mex. Amer. Legal Defense & Educ. Fund, San Antonio, Tex., Morris Baller, Vilma S. Martinez, Joel G. Contreras, Mex. Amer. Legal Defense & Educ. Fund, San Francisco, Cal., for plaintiffs-appellants.
 Gary Norton, Corpus Christi, Tex., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Texas.
 Before RONEY, GEE and FAY, Circuit Judges.
 RONEY, Circuit Judge:
 
 
 1
 This race discrimination suit grew out of defendant school district's refusal to hire plaintiff Jose L. Lopez as a counselor in May 1973. Plaintiffs sought declaratory, injunctive, and monetary relief to correct certain hiring policies alleged to discriminate against Mexican Americans and Blacks. The trial court dismissed plaintiffs' Title VII claims for failure to comply with the deferral provisions of 42 U.S.C.A. § 2000e-5(c) and later dismissed with prejudice plaintiffs' remaining claims for failure to prosecute, awarding attorney's fees to defendants under 42 U.S.C.A. § 1988. Plaintiffs appeal both dismissals and the award of attorney's fees. We affirm the trial court's ultimate dismissal for failure to prosecute and therefore do not reach plaintiffs' contentions regarding the earlier dismissal of their Title VII claims. We vacate, however, the court's award of attorney's fees and remand that issue for reconsideration in light of the intervening Supreme Court decision in Christiansburg Garment Co. v. EEOC, --- U.S. ----, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).
 
 
 2
 Because the focal issue before us is whether the trial court abused its discretion in dismissing plaintiffs' suit for want of prosecution, we recount in detail the events leading up to the court's order.
 
 
 3
 In December 1974 plaintiffs Jose Lopez, Tony Bonilla, and the League of United Latin American Citizens filed this employment discrimination class action against the Aransas County Independent School District, its superintendent, and six members of the Board of Trustees. Plaintiffs based their claims on the thirteenth and fourteenth amendments, Title VI and VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000c-8, 2000d, 2000e, et seq., and 42 U.S.C.A. §§ 1981, 1983, 1985, 1988. On June 9, 1976, the court dismissed all claims based on 42 U.S.C.A. § 2000e on the ground that plaintiff Lopez had failed to comply with 42 U.S.C.A. § 2000e-5, which requires deferral for 60 days to state or local mechanisms for eliminating discrimination before filing under Title VII. The district court also dismissed all of plaintiffs' claims against the school district based upon 42 U.S.C.A. §§ 1983 and 1985. Plaintiffs were permitted to proceed on all other claims.
 
 
 4
 On May 5, 1977, the court clerk notified all parties that the case was set for docket call on June 13 at 9:00 a. m. On June 9, 1977, plaintiffs filed their pretrial order, which did not suggest that plaintiff Lopez would not be available for trial or that there might be need for a continuance. On June 13, 1977, both plaintiffs and defendants appeared through their attorneys and indicated they were ready for trial. The trial court ordered that the docket call be continued and recalled at 9:00 a. m. on June 20, 1977. On June 17, 1977, the clerk of the trial court confirmed by telephone call to the respective attorneys that the case would be called for trial at the continuation of the docket call on Monday, June 20, 1977, and that each attorney should be available to begin trial on Tuesday, June 21, 1977. On June 20, 1977, when the trial court called this case for trial, defendants appeared through their attorney, but neither plaintiffs nor their attorney appeared at the designated time. Noting that plaintiffs had also failed to obtain a determination that they were qualified to represent the alleged class of Mexican Americans and Blacks, the trial court dismissed plaintiffs' suit for failure to prosecute their claims.
 
 
 5
 Later that same day, in a telephone conversation with the trial judge's law clerk, plaintiffs' attorney indicated for the first time that plaintiff Lopez would be unable to come to the trial and that there might be a need for a continuance of the trial setting. Plaintiffs motion to reinstate the suit, however, made no mention of Lopez' inability to attend trial or the need for a continuance. On June 21 the trial court conditionally reinstated the cause and set it for trial on June 24 at 10:00 a. m. When the trial court again called the case for trial on June 24, defendants' attorney announced ready for trial. Plaintiffs' attorney, however, announced not ready and made an oral motion for a continuance, asserting that although plaintiff Lopez had been notified that he was expected to be present for trial, he was in school in another state and would not be able to attend trial until August. The trial court denied plaintiffs' oral motion for continuance and ordered the cause to proceed to trial. Plaintiffs' attorney refused to call any witnesses, although Lopez' deposition had been filed and 10 defense witnesses, including six of the seven named defendants, were present. Admonishing plaintiffs' attorney for "playing loose and fast with the parties, with the lawyers, with the Court and the taxpayers," the trial court dismissed the suit with prejudice for failure to prosecute and awarded defendant $2500 in attorney's fees pursuant to 42 U.S.C.A. § 1988.
 
 
 6
 Under Rule 41(b) of the Federal Rules of Civil Procedure a case may be dismissed with prejudice for failure to prosecute. Although the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to "achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The power to dismiss for want of prosecution should be used sparingly and only when less drastic alternatives have been explored. Ramsay v. Bailey,531 F.2d 706 (5th Cir. 1976), cert. denied, 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 559 (1977). Exercise of the power is, however, committed to the sound discretion of the trial court, and appellate review is confined solely to whether the trial court has abused that discretion. Id.; Marshall v. Sielaff, 492 F.2d 917 (3rd Cir. 1974); see Provenza v. H & W Wrecking Co., 424 F.2d 629 (5th Cir. 1970). In order to determine whether the circumstances justified a dismissal for want of prosecution, the reviewing court must examine the procedural history of the case and weigh the power of the trial court to achieve the orderly and expeditious disposition of cases against the policy of law favoring disposition of litigation on the merits. Marshall v. Sielaff, 492 F.2d 917 (3rd Cir. 1974); Dyotherm Corp. v. Turbo Machine Co., 392 F.2d 146 (3rd Cir. 1968).
 
 
 7
 In the instant case plaintiffs knew in early May 1977 that the case would be set for trial at the docket call scheduled for June 13, 1977. They also knew that plaintiff Lopez was in school out-of-state and had no intention of returning until August. Yet plaintiffs indicated they were ready for trial at the June 13 docket call. Indeed, not until the case had actually been called for trial on June 24 did plaintiffs move for a continuance. The trial court's denial of plaintiff's eleventh-hour oral motion for a continuance was well within its discretion, particularly since plaintiff Lopez' deposition was available for use at trial. See Davis v. United Fruit Co., 402 F.2d 328 (2d Cir. 1968), cert. denied, 393 U.S. 1085, 89 S.Ct. 869, 21 L.Ed.2d 777 (1969).
 
 
 8
 We hold that the trial court, faced with these circumstances and with plaintiffs' refusal to proceed, did not abuse its discretion in dismissing the cause with prejudice for want of prosecution. See Michelsen v. Moore-McCormack Lines, Inc., 429 F.2d 394 (2d Cir. 1970). We therefore need not decide whether the court's earlier dismissal of plaintiffs' Title VII claims was proper.
 
 
 9
 After dismissing plaintiffs' claims, the court awarded defendants $2500 in attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C.A. § 1988. In pertinent part § 1988 provides:
 
 
 10
 In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
 
 
 11
 The trial court apparently interpreted Congress' use in § 1988 of the term "prevailing party" to mean that attorney's fee awards to prevailing defendants are to be made under the same standard applied to prevailing plaintiffs. In response to plaintiffs' contention that attorney's fees are to be awarded under § 1988 to prevailing defendants only when the plaintiffs' claims are frivolous or vexatious, the court replied: "I think (§ 1988) provides . . . that the prevailing party, the prevailing party is entitled to attorney's fees."
 
 
 12
 Although support for the trial court's position can be found in this Circuit, see United States v. Allegheny-Ludlum Industries, Inc., 558 F.2d 742 (5th Cir. 1977), rehearing granted, 568 F.2d 1073 (5th Cir. 1978) (portion of opinion dealing with attorney's fees withdrawn in light of Christiansburg Garment Co. v. EEOC, --- U.S. ----, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)), the Supreme Court has recently ruled that 42 U.S.C.A. § 2000e-5(k), which in language identical to § 1988 gives the district court discretion to award attorney's fees to the "prevailing party" in Title VII litigation, requires the application of different standards to plaintiffs and defendants. While a prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances, a prevailing defendant can recover attorney's fees only if the plaintiff's claim "was frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, --- U.S. ----, ----, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978). The Supreme Court's reasoning and decision in Christiansburg apply equally to the identical provisions of § 1988. The congressional intention that such a restrictive standard apply to defendants claiming attorney's fees under § 1988 is reflected in the amendment's legislative history. The Senate Report states that under § 1988 an unsuccessful plaintiff "could be assessed his opponent's fee only where it is shown that his suit was clearly frivolous, vexatious, or brought for harassment purposes." S.Rep. No. 94-1011, 94th Cong., 2d Sess. 5, reprinted in (1976) U.S.Code Cong. & Admin.News, pp. 5908, 5912. We therefore vacate defendants' award of attorney's fees and remand to the district court for reconsideration of that issue under the standard enunciated in Christiansburg.
 
 
 13
 After this appeal was docketed, a suggestion of the death of one of the plaintiffs, Jose L. Lopez, was filed with this Court. Because of the remand of this case on the attorney's fee issue, we take no action on that suggestion. Upon remand, the suggestion of death and motion for substitution of party plaintiff may be brought before the district court for such disposition as to it may seem proper.
 
 
 14
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I