**Mrs. Mary Ann LAMPKIN, Individually and as Executrix of the Estate of Leroy Lampkin, Plaintiff,**

v.

**Dolph BRYAN, in his Individual and Official Capacity as Sheriff of Oktibbeha County, Mississippi, et al., Defendants.**

**No. EC 77–34–S.**

United States District Court, N. D. Mississippi, E. D.

Sept. 6, 1979.

Howard Moore, Jr., Oakland, Cal., Solomon C. Osborne, Greenwood, Miss., for plaintiff.

Dolton W. McAlpin, Starkville, Miss., for Bryan, Jr.

James M. Ward, Ward & Ward, Starkville, Miss., for Dolph Bryan.

R. Lloyd Arnold, Sp. Asst. Atty. Gen., Jackson, Miss., for Donald Woods.

Darold L. Rutland, Jackson, Miss., Arnold F. Gwin, Lott, Sanders & Gwin, Greenwood, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The motion of defendant Dolph Bryan for the allowance of attorney's fees and other expenses herein, has been considered by the court in light of the evidence received at the non-jury trial of the action, the entire record made in the case, and memoranda of the parties, without oral argument.

The motion is predicated on 42 U.S.C. § 1988, which contains a provision authorizing the allowance of attorney's fees to the prevailing party as part of the costs in proceedings undertaken in vindication of civil rights. The action sub judice is such a proceeding.

The plaintiff brought the action seeking an award of damages for the allegedly unlawful and unjustified killing of her husband, which occurred while defendant Bryan, then the Sheriff of Oktibbeha County, Mississippi, and other state, county, and federal law enforcement officers were searching the premises of the parents of plaintiff's husband, and during which search an attempt was made by defendant Bryan and one other member of the law enforcement party, to arrest plaintiff's said husband.

The Supreme Court held in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648, 657, that

> [a] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.

The *Christiansburg* case has been held applicable to instances where attorney's fees are sought pursuant to 42 U.S.C. § 1988. The Fifth Circuit in *Lopez v. Aransas Cty. Independent Sch. Dist.*, 570 F.2d 541, 545 (1978) said:

> Although support for the trial court's position can be found in this Circuit (citation omitted), the Supreme Court has recently ruled that 42 U.S.C.A. § 2000e–5(k), which in language identical to § 1988 gives the district court discretion to award attorney's fees to the "prevailing party" in Title VII litigation, requires the application of different standards to plaintiffs and defendants. While a prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances, a prevailing defendant can recover attorney's fees only if the plaintiff's claim "was frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978). The Supreme Court's reasoning and decision in *Christiansburg* apply equally to the identical provisions of § 1988. The congressional

intention that such a restrictive standard apply to defendants claiming attorney's fees under § 1988 is reflected in the amendment's legislative history. The Senate Report states that under § 1988 an unsuccessful plaintiff "could be assessed his opponent's fee only where it is shown that his suit was clearly frivolous, vexatious, or brought for harassment purposes." S.Rep.No.94–1011, 94th Cong., 2d Sess. 5, reprinted in [1976] U.S. Code Cong. & Admin.News, pp. 5908, 5912.

The evidence in the action sub judice, although plaintiff failed to sustain her case, will not support a holding that plaintiff's action "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." 434 U.S. 421, 98 S.Ct. at 700.

The motion is not well taken and will be overruled, subject, however, to defendant's right to recover costs pursuant to 28 U.S.C. § 1920, as amended, the taxation of which is authorized by Rule 54(d), Fed.R.Civ.P.