**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**The CHANDELLE CLUB, a trade name incorporated as United Interests, Inc., and Ronald Burks Investments, Inc., Assignee of The Chandelle Club and United Interests, Inc., Defendants.**

No. CIV–79–317–D.

United States District Court, W. D. Oklahoma.

April 25, 1980.

**76**

Issie L. Jenkins, Acting Gen. Counsel, William L. Robinson, Associate Gen. Counsel, Washington, D. C., Robert M. Jones, Regional Atty., Beverly G. Agee, Super. Trial Atty., Mary M. Dunlap, Senior Trial Atty., Dallas, Tex., for plaintiff.

Mona S. Lambird, of Andrews, Davis, Legg, Bixler, Milsten & Murrah, Inc., Oklahoma City, Okl., for defendant The Chandelle Club.

Mark A. Robertson, Joe E. Edwards, Thomas R. Cook of Kornfeld, McMillin, Phillips & Upp, Oklahoma City, Okl., for defendant Ronald Burks Investments, Inc.

## ORDER

DAUGHERTY, Chief Judge.

This is an action brought by Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for alleged racial discrimination in employment. The action was originally brought against the above-named Defendants, The Chandelle Club (Club), United Interests, Inc. and Ronald Burks Investments, Inc. (Burks) as assignee of United Interests, Inc. and The Chandelle Club. Subsequently, it was discovered that Defendant Burks was not operating The Chandelle Club but had merely taken title to certain furniture, fixtures, equipment, the trade name and the United Founders Tower in which the Club had been located. Subject matter jurisdiction of this action is asserted pursuant to 28 U.S.C. §§ 451, 1343 and 1345. This action is now before this Court on Defendant Burks' "Motion for Summary Judgment and Award of Attorneys' Fees" as a prevailing party pursuant to 42 U.S.C. § 2000e–5(k). At the evidentiary hearing held in connection with the instant Motion on March 24, 1980, this action was dismissed as to Defendant Burks by agreement of counsel. Therefore, only Defendant Burks' request for attorney's fees will be disposed of in this Order.

In support of its request for attorney's fees, Defendant Burks contends that Plaintiff's claim against it was groundless and unreasonable in that Burks was never involved in the operation of the Club and informed Plaintiff of that fact by letter on April 11, 1979. Burks further contends that Plaintiff could have verified the April 11th letter by calling the Secretary of State of Oklahoma, checking the telephone listing or by checking the premises. It is alleged that any one of these actions would have shown Plaintiff that the Club was not in operation.

On the other hand, Plaintiff contends that it called the Secretary of State of Oklahoma, and was informed that The Chandelle Club had been assigned to Ronald Burks Investments, Inc. Plaintiff then joined Burks as a party defendant since Burks was potentially liable for the alleged employment discrimination of The Chandelle Club as a successor employer under the rationale of *Equal Employment Opportunity Commission v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086 (Sixth Cir. 1974), and Plaintiff had to complete its discovery regarding Burks to determine if Burks had ever operated The Chandelle Club thereby making Burks such a successor employer.

The granting of attorney's fees in a civil rights case is discretionary with the Court. *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The factors to be considered in awarding attorney's fees to a prevailing defendant in a civil rights case differ from those considered in the case of a prevailing plaintiff. *See Christiansburg Garment Co. v. Equal Employment Opportunity Commission, supra; Davis v. Braniff Airways, Inc.*, 468 F.Supp. 10 (N.D. Texas 1979). The purpose of awarding attorney's fees in civil rights actions is intended to encourage aggrieved individuals to seek redress for violations of their civil rights. Freely allowing attorney's fees to prevailing defendants would have a chilling effect on the pursuit

of that high objective. *See Christiansburg Garment Co. v. Equal Employment Opportunity Commission, supra; August v. Delta Airlines, Inc.*, 600 F.2d 699 (Seventh Cir. 1979).

When the prevailing party in a civil rights case is the defendant, attorney's fees should only be awarded after a finding that plaintiff's cause of action was frivolous, unreasonable or without foundation, in order to discourage frivolous or unjustified suits. *Christiansburg Garment Co. v. Equal Employment Opportunity Commission, supra; Little v. Southern Electric Steel Co.*, 595 F.2d 998 (Fifth Cir. 1979); *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (Fifth Cir. 1978); *Morales v. Dain, Kalman & Quail, Inc.*, 467 F.Supp. 1031 (D.Minn.1979); *Equal Opportunity Employment Commission v. North Hill Passavant Hospital*, 466 F.Supp. 783 (W.D.Penn.1979). The course of litigation is rarely predictable and decisive facts may not emerge until the completion of discovery. The court should not use hindsight reasoning to award attorney's fees to a prevailing defendant. A plaintiff should only be liable for attorney's fees if the court finds his claim to be frivolous and that the plaintiff continued to litigate after his case clearly became so. *Christiansburg Garment Co. v. Equal Employment Opportunity Commission, supra; Lopez v. Aransas County Independent School District, supra.*

In the instant case Plaintiff acted reasonably in joining Burks as a party defendant as Burks was the assignee of The Chandelle Club and United Interests, Inc. Until Plaintiff completed its discovery and determined that Burks never operated The Chandelle Club, but had merely purchased the building in which the Club was located, Plaintiff's cause of action against Burks as a successor employer appeared neither frivolous nor unreasonable. *See Equal Employment Opportunity Commission v. Mac-Millan Bloedel Containers, Inc., supra.* Checking the telephone listing or the premises would not have been helpful to Plaintiff in that it would have only proved that the Club was not presently in operation

when Plaintiff needed to know whether Burks had operated The Chandelle Club since becoming assignee of the interest of United Interests, Inc. and The Chandelle Club. Furthermore, Plaintiff agreed to dismiss Burks as soon as it became clear that Burks was not a successor employer. Under these facts Burks cannot be granted attorney's fees in view of the teachings of *Christiansburg Garment Co. v. Equal Employment Opportunity Commission, supra.*

For the reasons set out above, the Court finds and concludes that Defendant Burks' request for attorney's fees as a prevailing party should be denied. Accordingly, said Defendant's "Motion for Summary Judgment and Award of Attorneys' Fees" should be overruled insofar as attorney's fees are sought.

It is so ordered.