John Gilbert CARTER, Jr., Petitioner,

v.

Don BYRD, Sheriff, Dallas County, Texas, Respondent.

Civ. A. No. 3–81–0849–H.

United States District Court, N.D. Texas, Dallas Division.

Sept. 13, 1984.

John Gilbert Carter, Jr., pro se.

Henry Voegtle, Asst. Dist. Atty., Dallas, Tex., for respondent.

### MEMORANDUM OPINION AND ORDER

SANDERS, District Judge.

This case is before the Court on remand from the judgment of the United States Court of Appeals for the Fifth Circuit entered on July 27, 1984, 739 F.2d 632.

*Factual Background*

Petitioner filed a habeas corpus petition in May 1981. He was subsequently released from jail in November 1981. On October 18, 1983, the Magistrate scheduled an evidentiary hearing on the petition.

Certified copies of the notice of hearing were mailed to Carter at the two addresses from which he had filed pleadings. Nevertheless, October 18 arrived and Petitioner did not. Counsel for Respondent was ready to proceed, but Carter neither appeared nor informed the Court he would be absent. The Magistrate therefore recommended that Carter's petition be dismissed with prejudice for lack of prosecution. This Court revised the sanction to dismissal without prejudice.

The Court of Appeals reversed, stating that a sanction that may be equivalent to final dismissal is only authorized "upon a showing of a clear record of delay or contumacious conduct by the petitioner and then only when lesser sanctions would not serve the best interests of justice." Slip opinion at 4.

This Court is of the firm opinion that dismissal without prejudice is both warranted and the only appropriate sanction in this case.

It is necessary to view Petitioner's actions in the context of his litigative history. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674–75 (9th Cir.1981). Petitioner filed three other civil actions in the Northern District of Texas roughly contemporaneously with this case.[1] At least one of these cases, *Carter v. Murdoch*, CA–3–80–1008, pertains to the same subject matter as this action. In *Murdoch*, a § 1983 action, Petitioner has sued those directly and remotely involved with his trial and detention.

Between *Murdoch* and this case, Petitioner has filed over 40 motions and appeals. A representative sample includes:

Motions to Compel Discovery (10/29/80)

Motion to be Properly Served With Legal Documents (12/23/80)

Motion for Transfer of Case to Senior District Judge (12/23/80)

Motion to Amend Complaint with Class Action Allegations (12/29/80)

Motion for Leave to Add Additional Parties (1/5/81)

Motion for Leave to File Plea of Intervention (2/2/81)

Motion for Leave to Withdraw Motion for Class Certification (3/6/81)

Motion for Scrutiny of Case by Judge Hughes (3/17/81)

Request for Joinder under Rule 19 (5/20/81)

Leave to Serve Deposition upon Non-Party Witness (6/3/81)

Motion for Service by U.S. Mail (7/27/81)

Judicial Notice (9/23/81)

Motion to Strike (10/20/81)

Motion for Enlargement of Time (11/30/81)

Motion in Limine (1/21/82)

Motion for Protective Order (6/6/84)

It would not be unreasonable to surmise that Petitioner, unburdened by the controlling restraint of attorney's fees, pursues litigation for sport. Without conclusively accepting that notion, it is at least evident that Petitioner is well-acquainted with the nature of civil trial practice, and the consequences of not complying with deadlines.

As the Court of Appeals noted, Petitioner's reasons for failing to appear were wholly inadequate and were clearly intentional. As Petitioner explained in his Notice of Appeal: "Petitioner based his actions coup de grace to not appear based upon the actions and failure to act beau geste by the Court regarding [various motions]."

Just as in this case, when the time finally came for a hearing in *Murdoch* that was potentially dispositive of Petitioner's lawsuit, he was nowhere to be found. In a letter to the Magistrate received *after* the August 13, 1984, hearing on Defendants' Motion to Dismiss and Motion for Sanctions, Petitioner announced his intention not to attend, cryptically stating that he is now a legal resident of another state a considerable distance from Dallas. More-

---

1. The records of the Clerk of the Court reveal Civil Actions No. 80–0504, 80–0837 and 80–1008. The first two were dismissed by the District Court and Court of Appeals. The third is discussed further *infra*.

over, he stated his intention not to divulge his whereabouts to Court or counsel due to the possibility of retaliatory acts.[2]

Petitioner has shown a clear record of delay in his actions before this Court. His actions have been intentional and occasioned solely by himself. He has evaded this Court's attempts to provide him with the hearings he ostensibly seeks. Dismissal is an appropriate remedy.

There are no lesser sanctions that would serve the best interests of justice. The option of sanctions against counsel is not present because Petitioner is proceeding pro se. Any monetary penalties levied against Petitioner would likely go unsatisfied and, indeed, may prove more of a hardship than dismissal. Explicit warnings are useless when Petitioner's whereabouts are unknown. In short, any lesser sanction would be futile. *Rogers v. Kroger*, 669 F.2d 317, 322 (5th Cir.1982).

District Courts have a vital interest in maintaining the orderly administration of justice. *Gonzalez v. Firestone Tire and Rubber Co.*, 610 F.2d 241 (5th Cir.1980); *Lopez v. Aransas County Ind. School District*, 570 F.2d 541 (5th Cir.1978). Petitioner may have both the time and inclination to pursue a leisurely sojourn through his voluminous litigation practice, from his hidden location. This Court has neither.

Accordingly, it is the opinion of the Court that this action should be, and hereby is, **DISMISSED** without prejudice at Petitioner's cost.

SO ORDERED.

---

**2.** Petitioner also failed to appear at a hearing on June 14, 1984. The Magistrate has also found that Petitioner has failed to cooperate in a discovery plan in bad faith in *Murdoch,* refusing to be deposed anywhere other than the federal courthouse.