David O'QUINN, et al.

v.

CHAMBERS COUNTY, TEXAS, et al.

Civ. A. G–85–308.

United States District Court,
S.D. Texas,
Galveston Division.

Jan. 16, 1987.

Harris D. Butler, III, Law Offices of Harris D. Butler, III, Houston, Tex., for plaintiffs.

Carla Cotropia, Mills, Shirley, McMicken & Eckel, Galveston, Tex., for F/Chambers County.

William H. Bruckner, Bruckner & Sykes, Houston, Tex., Roxella T. Cavazos (co-counsel), for F/C.E. Morris.

### ORDER

HUGH GIBSON, District Judge.

Before the Court are the summary judgment motions of defendants Chambers County, Texas, and Sheriff C.E. Morris. The background of this case is set forth in this Court's order at 636 F.Supp. 1388. At this juncture plaintiff's claim, pursuant to § 1983, § 1985(2) and § 8 of the Fair Labor Standards Amendments of 1985 (FLSA),

that they were retaliated against for requesting overtime compensation that they believed they were entitled to under the law. Defendants move for summary judgment on plaintiff's § 1983 and § 1985 claims.

After reviewing the arguments and evidence[1] under the applicable summary judgment standard, *see* Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Fontenot v. Upjohn Co.*, 780 F.2d 1190 (5th Cir.1986), the Court finds that defendants have not retaliated against plaintiffs. Specifically, the Court finds that the depositions of plaintiffs Jackson and Golleher establish that no retaliatory action has been taken against them. Defendants suspended and then fired plaintiff O'Quinn, which could be construed as retaliation. The deposition testimony, however, establishes sufficient independent reasons for defendants' acts and plaintiff has not shown that these reasons were merely pretextual. Therefore, the Court grants defendants' motions for summary judgment.

Defendants also seek attorneys fees and costs. Although defendants are entitled to costs as provided in Fed.R.Civ.P. 54(d), they are not entitled to attorneys fees under § 1988 unless the suit was frivolous. *See Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir.1978); *Colombrito v. Kelly*, 764 F.2d 122 (2d Cir.1985). The Court finds that this suit was not frivolous and therefore denies defendants' motion for attorneys fees.

Accordingly, it is ORDERED, ADJUDGED and DECREED that:

1. defendants' motion for summary judgment is GRANTED;

2. defendants' motion for attorneys fees is DENIED; and

3. this case is DISMISSED.

---

**1.** The deposition testimony was submitted by defendant Morris and by plaintiffs in response to defendants' motions. The Court has considered the depositions in connection with both the County's and Morris' motions. This should come as no surprise to plaintiffs because the suit against defendant Morris in his official capacity is, in fact, a suit against the County.