**EXECUTIVE 100, INC., et al.,
Plaintiffs,**

v.

**MARTIN COUNTY, et al., Defendants.**

No. 88–14188–CIV–JAG.

United States District Court,
S.D. Florida,
Ft. Lauderdale Division.

June 27, 1990.

Elaine Gatsos, Boca Raton, Fla., for plaintiffs.

Stephen C. Page, Gunster Yoakley Criser & Stewart, Stuart, Fla., for defendants.

## ORDER

GONZALEZ, District Judge.

This Cause has come before the court upon the defendants' motion for determination of amount of fee award. The plaintiffs filed an opposing response and the defendants replied. Accordingly, the motion is ripe for decision.

By order dated January 31, 1990, this court found that the plaintiffs' prosecution of this action against the individual members of the Martin County Board of Commissioners was without a reasonable legal basis. The commissioners were protected from individual liability by legislative immunity. There was Eleventh Circuit precedent clearly on point which should have put the plaintiffs on notice that their suit against the defendants was frivolous. Furthermore, this court found that the defendants were entitled to recover attorneys' fees for two reasons: (1) the defendants were prevailing parties under 42 U.S.C. § 1988 and (2) Federal Civ. Proc. Rule 11 was applicable.

Before reaching the determination of what constitutes a reasonable award in this case, this court shall amend its prior order in one regard. Under section 1988, I assumed (without contrary authority from any party) that a defendant could recover under this statute as a prevailing party in the same circumstance as a plaintiff. Upon further research, it is apparent that a defendant can recover fees under section 1988, but only if there is a showing that the plaintiffs' lawsuit was "frivolous, unreasonable, or groundless". *See Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421–22, 98 S.Ct. 694, 700–01, 54 L.Ed.2d 648 (1978), *Popham v. City of*

*Kennesaw*, 820 F.2d 1570, 1582 (11th Cir. 1987); *Church of Scientology of Calif. v. Cazares*, 638 F.2d 1272, 1290 (5th Cir.1981); *Lopez v. Arkansas County Independent School District*, 570 F.2d 541, 545 (5th Cir.1978). However, because of the Rule 11 finding, this court implicitly held that this standard was met and accordingly the prior order of this court is reaffirmed.

Section 1988 allows for an award of "a reasonable attorney's fee as part of the costs." Rule 11 provides for "an appropriate sanction which may include . . . reasonable expenses, . . . including a reasonable attorney's fee."

In determining what is "reasonable," the court relies upon the lodestar method and the factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). *Also see Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir.1988); *Fitzpatrick v. Internal Revenue Service*, 665 F.2d 327, 331–32 (11th Cir.1982).

The threshold calculation is to multiply the total number of hours requested by the hourly fee. Here, the defendant's counsel, Gunster Yoakley & Stewart, P.A., seeks to recover for 132.8 hours of work. The hourly fee varies because there were several individuals of the firm working on the case. In itemized fashion, the hours worked and fee charged are as follows:

| worker | rate | total hours | fee request |
|---|---|---|---|
| S. Page | $200 before 1/1/90 | 18.6 | $3,720 |
| | $215 after 1/1/90 | 2.6 | 559 |
| L. David | $140 before 1/1/90 | 48.7 | 6,678 |
| | $150 after 1/1/90 | 17.3 | 2,593 |
| K. Kaplan | $120 | 6.8 | 816 |
| C. Lehman | $135 | 3.2 | 430 |
| E. Cox (law clerk) | $75 | 35.6 | 2,670 |

The total fee sought for attorney's fee expended through the Reply in support of the motion for an award of fees is $17,468.

The plaintiffs are enraged about the amount of fees sought calling it "staggering". They first claim that Gunster Yoakley "over researched" the case and "double-billed" for duplicative work. The plaintiff cannot believe that the defendant's law firm was able to "rack[ ] up" so many hours and alleges there was a "tendency to overkill". Upon *de novo* review of the contemporaneous time sheets submitted by the defendant's counsel, it is certainly not clear that either of these assertions are valid. While law firms today often do overprepare a case, this is understandable in light of today's legal environment including the possibility of Rule 11 sanctions and legal malpractice. It is true that there were not a lot of filings before the court. The defendants' counsel had to file a motion to dismiss, a motion for attorneys' fees, and a motion for determination of the amount of fees. Each motion was filed with a supporting memorandum as re-

quired by the Local Rules of Court and a Reply in opposition to the plaintiffs' response. However, the motions involved a number of different legal issues including legislative immunity, qualified immunity, punitive damages, 42 U.S.C. § 1988, Federal Civ. Proc. Rule 11, and the various items recoverable under the fee-shifting provisions. Further, it appears that the defendants' counsel exercised a good faith effort in culling down the fees which were related to the defense of only the individual commissioners. The total bill was $47,055.50 for 342.30 hours of work. The defendants are only seeking to recover one-third of that amount in this motion.

The plaintiffs also object to the several conferences between the defendants' "entourage" of attorneys working on the case. However, as aleady discussed, the defendants have not billed for the entire time spent in these meetings. Further, Gunster Yoakley offers the reasonable explanation that these meetings were necessary to decide strategy and to most efficiently allocate the work. The firm notes that the majority of the time billed was for work performed by associates and a law clerk, not partners. On the other hand, the court does find, however, that $75 per hour for a second year law student working as a law clerk is unreasonable. Accordingly, the hourly fee of E. Cox shall be reduced to $50.

The plaintiffs have submitted the affidavit of C. William Berger in which he calls the amounts billed as "outrageously inflated." The defendants have responded with the affidavit of James L.S. Bowdish, who testifies that the fees were reasonable. The benefit of filing such affidavits is minimal, at best. While fellow attorneys may be able to testify about strategy and tactics or the prevailing hourly rate in the community, it is unclear how their opinion is helpful to the court in determining why a fee request is or is not reasonable.

The plaintiffs also rely on the fact that their counsel only charged $8,900 for the entire case. However, if the defendants' fees are reasonable, they are recoverable. While the court has considered the amount of opposing counsel's fees in making this determination, it is certainly not conclusive. This is true for several reasons including the fact, as shall be discussed below, that the case had greater significance for the defendants because of the massive amount of damages sought and the impact upon government's zoning power and upon those officials who make such decisions.

■ On the other hand, the court does agree with two of the plaintiffs' objections. First, the defendants request compensation for researching the ethical issues including a possible conflict of interest in representing both the defendant County and the individual commissioners. The court finds that this request is unreasonable and does not go to the merits of the plaintiffs' claims or the reasonable factual and legal basis for such. Accordingly, the following hours shall be disallowed: (1) December 10, 1988—1.5 hours, (2) May 23, 1989—8.3 hours, (3) June 1, 1989—0.7 hours for a total of 10.5 hours. Second, the defendants' request that prejudgment interest accrue from January 31, 1990, the date that the court's order was entered which determined the defendants' entitlement to fees, is unreasonable. Until both the entitlement to fees and the amount thereof are definitely fixed, prejudgment interest should not attach. Moreover, fee-shifting provisions are a procedural method of sanctioning improper conduct. They are not substantive bases of liability which allow for interest to accrue from the date that a party is entitled to recover for infringement of legal rights.

■ Therefore, the court finds that the lodestar amount is 122.3 hours multiplied by the various reasonable fees of the attorneys who worked on the case for a total fee request of $16,304.50. This figure includes a deduction of $1,163.50 for the time spent on researching the possible conflict of interest in dual representation of both the county and the board of commissioners. Moreover, as noted above, the hourly rate of E. Cox, a law clerk, shall be reduced to $50 per hour for a net deduction of $890; for a total award of $15,414.50.

The court now reaches consideration of the various *Johnson* factors. The defense of the individual commissioners did include several difficult issues including absolute and qualified immunity, and the potential for an award of punitive damages.

The second and third factors include the experience, reputation, and ability of the attorneys and the skill required to perform this type of work. As was true with the first factor, these elements do not affect the amount of the award. The defendants' motion reveals that S. Page is a partner, Lee David is an associate, and E. Cox is a second-year law school clerk. Beyond these facts, there is no other indication of the attorneys' abilities. Moreover, while this case did involve several different issues, they did not require the services of a lawyer with specialized knowledge.

The fourth factor is whether the fee agreement between Gunster Yoakley and the individual defendants was fixed in amount or contingent based upon the outcome. Based upon notations on the billing records, it appears that the law firm was paid on a regular basis. Therefore, there is no reason to enhance the award for undertaking the greater risk inherent in a contingent fee agreement.

The fifth factor is the most important in this case. This requires consideration of the amount involved in the case and the results obtained. The plaintiffs filed this action seeking $1 million dollars in punitive damages against each commissioner individually and over $24 million dollars in compensatory damages. As noted by the defendants, there was a possibility of "crushing" personal liability. The defendants were able to prevail on their Rule 12 motion by obtaining absolute immunity for all personal liability. This case also had some significance as a precedent for future actions. By obtaining legislative immunity for the act of voting on zoning decisions, commissioners in the future will be able to exercise the zoning power without fear of personal liability. This result will also help to attract qualified persons to the position of commissioner. Hence, the significance of the case for the defendants and their

success supports the reasonableness of the fees requested.

The remaining *Johnson* factors are not very helpful, but do not significantly impact the reasonableness of the fee sought by the defendants. The case was not undesirable nor is there any indication that acceptance of this representation precluded other employment. There is no evidence before the court of either the nature and length of the professional relationship between Gunster Yoakley and the individual defendant commissioners or the amount of awards in similar cases. Finally, there is no evidence that the client or the nature of the case imposed any severe time pressures on the defendants' counsel.

For the reasons discussed above, the court finds the lodestar amount (as reduced on the ethical issues and the law clerk billing rate) to represent the reasonable fee in this case under Rule 11 and section 1988. If a plaintiff is going to sue for amounts in the millions of dollars and seek the extreme remedy of punitive damages, he should certainly have, at a minimum, a reasonable legal and factual basis for initiating the suit. This is especially true when the defendant is a governmental entity or official who is charged with discharging important public obligations such as the exercise of the zoning power.

■ Section 1988 seems to contemplate that the losing *party*, not the attorney, will pay the fee award as part of the normal, post-judgment request for costs. Rule 11 allows for a sanction against "the person who signed it [the frivolous filing], a represented party, or both". The key is who is going to have to pay the award in this case. The plaintiffs' attorney signed the complaint, but the plaintiffs themselves, through their corporate representatives, certainly had some role in determining who would be sued and for what amounts. The court finds that the plaintiffs and their attorney are each liable for half of the fee award assessed here.

The plaintiff has also filed a motion to withdraw. This motion cannot be ruled upon since the case is on appeal. Plain-

tiffs' counsel should apply to the Court of Appeals for this relief.

Accordingly, having considered the motion, and the entire record in this cause, it is hereby

ORDERED AND ADJUDGED that the defendants' motion for determination of award is GRANTED. The court finds that the reasonable award under Federal Rule of Civil Procedure 11 and 42 U.S.C. § 1988 is the sum of $15,414.50. Judgment shall be entered by seperate order of the court. The award shall be allotted as follows: (1) $7,707.25 to be paid by the plaintiffs' counsel, Elaine Gatsos, Esquire, and (2) $7.707.25 to be paid by the plaintiffs, Executive 100, Inc. and Kings Ridge 239, Inc.

The motion of plaintiffs' counsel, Elaine Gatsos, Esquire to withdraw is hereby DENIED.

DONE AND ORDERED.