United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-10333
Summary Calendar
_____

RICK BEARD

               Plaintiff - Appellant

    v.

EXPERIAN INFORMATION SOLUTIONS INC; ET AL

               Defendants

TRANS UNION LLC

               Defendant - Appellee

---

RICK BEARD

               Plaintiff - Appellant

    v.

EXPERIAN; ET AL

               Defendants

TRANSUNION

               Defendant - Appellee

---

Appeal from the United States District Court
for the Northern District of Texas, Fort Worth
Nos. 4:05-CV-746 c/w 4:06-CV-078

---

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Rick Beard ("Beard"), proceeding pro se, appeals the order of the district court dismissing his claims against Defendant-Appellee Trans Union, LLC ("Trans Union") for failure to prosecute. For the reasons that follow, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 21, 2005, Beard filed a putative class action complaint against several defendants, including Trans Union,[1] asserting claims of credit discrimination based on race and age, allegedly in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. In his complaint, Beard alleged that the defendants committed discriminatory acts affecting his credit.[2]

The defendants filed motions for a more definite statement. The district court granted the motions and ordered Beard to file an amended complaint if Beard desired to pursue his claims. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Trans Union is a consumer reporting agency, which assembles and evaluates credit information reported by creditors and furnishers of information about consumers.

[2] Beard filed a nearly identical lawsuit against several defendants, including Trans Union, in the United States District Court for the Western District of Texas, Austin Division. Upon Trans Union's motion to transfer the case to the Northern District, the United States District Court for the Western District of Texas granted the motion on January 10, 2006. On February 7, 2006, the United States District Court for the Northern District of Texas consolidated both cases, civil actions 4:05-CV-746 and 4:06-CV-078.

-2-

district court warned Beard that failure to file an amended complaint would result in the dismissal of his claims without further notice. Beard failed to comply with the court's order.

Because Beard's complaint was nearly identical to another complaint he had filed against Trans Union in the United States District Court for the District of Columbia that had been dismissed,[3] Trans Union filed a motion for security of costs, requesting that the district court order Beard to post a bond to secure the costs that Trans Union would incur in defending the suit. On December 5, 2005, the district court granted Trans Union's motion and ordered Beard to deposit $500 with the district court clerk by December 28, 2005, as bond for security for Trans Union's costs in defending the lawsuit. Beard failed to comply with the district court's order.

On January 3, 2006, the district court issued a show-cause order directing Beard to file a written response by January 19, 2006, indicating why sanctions should not be imposed against him. On January 12, 2006, Beard responded that he was unable to pay the entire $500 security for costs, but that he could pay the amount in installments. On January 17, 2006, the district court amended its December 5, 2005, order on the security of costs and directed Beard to pay the security amount in five $100

_____

[3] The district court in that case dismissed Beard's claims against Trans Union on April 28, 2005, for failure to respond to the court's show-cause order.

-3-

installments, with the first payment due on January 31, 2006. The district court warned Beard that his failure to timely comply with its amended order would result in sanctions, including dismissal of Beard's claims against Trans Union.

Beard failed to comply with the district court's order. On February 2, 2006, Beard notified the district court that he could not pay the first installment until February 3, 2006, and represented that he would pay the first installment on that day.

As of February 16, 2006, the district court had not received Beard's payment. Accordingly, the district court dismissed Beard's claims against Trans Union without prejudice, concluding that Beard had "wholly failed to prosecute his case against Trans Union." Beard filed this timely appeal.

## II. DISCUSSION

The issue on appeal is whether the district court erred in dismissing Beard's claims against Trans Union. Beard argues that the district court "prematurely dismissed" his case by not allowing him to have his day in court.[4]

---

[4] Beard also states that the dismissal of his suit denied him of his right to due process. Beard has done nothing more than mention this as an issue, without any reference to it in the argument section of his brief or any citation of legal authority, and we decline to consider it further on appeal. See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995) (stating that pro se litigants must reasonably comply with the Federal Rules of Appellate Procedure, including that arguments must be briefed to be preserved) (citing Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993)). Even if we were to consider it, there is no merit to this claim, as Beard was warned on numerous occasions by the district court that failure to comply with the court's orders

-4-

We review for abuse of discretion a district court's sua sponte dismissal for failure to prosecute. See Connolly v. Papachristid Shipping Ltd., 504 F.2d 917, 920 (5th Cir. 1974) (stating that "the district court has discretion to dismiss a suit for failure to prosecute if the plaintiff fails to comply with the trial court's orders or with the rules of civil procedure" and that this court's review is for abuse of discretion).  Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action based on the failure of the plaintiff to prosecute or to comply with any order of the court.  See FED. R. CIV. P. 41(b); see also Lopez v. Aransas County Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978) (noting that "[a]lthough the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte").  Pro se litigants are not exempt from compliance with the rules of procedure.  See Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).  "In order to determine whether the circumstances justified a dismissal for want of prosecution, the reviewing court must examine the procedural history of the case and weigh the power of the trial court to achieve the orderly and expeditious disposition of cases against the policy of law favoring disposition of litigation on the merits."  Lopez, 570

would result in dismissal of his claims without further notice.

-5-

F.2d at 544.

Here, the district court's dismissal without prejudice was based on the fact that Beard failed to comply with several court orders and failed to prosecute his case. For example, the court ordered Beard to comply with its December 5, 2005, order granting Trans Union's motion for security of costs, and its January 17, 2006, order amending its previous order on security of costs. The district court repeatedly warned Beard that his failure to timely comply with its orders could result in sanctions, including dismissal of his lawsuit against Trans Union. The district court gave Beard several opportunities to comply, as is reflected by the procedural history of this case.

We hold that the district court, faced with these circumstances and with Beard's refusal to proceed as ordered, did not abuse its discretion in dismissing Beard's claims against Trans Union without prejudice for want of prosecution. Accordingly, we affirm the district court.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the order of the district court dismissing Beard's claims against Trans Union without prejudice.

AFFIRMED.