[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12929
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-00383-MCR-CJK

JONATHAN KYLE LEWIS,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF
CORRECTIONS,
Employees Individual / Official
Capacities,
S. SCHWARTZ,
Medical Doctor,
D. MCGOWEN,
HSA,
M. NICHOLS,
Advanced Nurse Practitioner,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 28, 2018)

Before TJOFLAT, BRANCH and FAY, Circuit Judges.

PER CURIAM:

The District Court, adopting the Magistrate Judge's Report & Recommendation ("R&R"), dismissed Jonathan Lewis's *pro se* civil rights complaint with prejudice because Lewis failed to obey the Magistrate Judge's two orders to file an amended complaint that complied with the Northern District of Florida Local Rule 5.1(J)(3) requirement that *pro se* civil rights complaints be limited to 25 pages in length.[1]  Lewis appeals, arguing that he was unable to comply with requirement because his case was factually complex and he could not explain his claims in less than 25 pages.  He also argues that Rule 5.1((J)(3) is unconstitutional as applied to him, because it effectively denied him access to the courts.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action *sua sponte* for the plaintiff's failure to prosecute his case or obey a court order.  Fed. R. Civ. P. 41(b); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).  Rule 41(b) further provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the

---

[1]  Lewis is a Florida prison inmate.  His complaint seeks relief under 42 U.S.C. § 1983 on the ground that officials at the Santa Rosa Correctional Institution failed to provide him with adequate medical services.  His complaint consisted of 36 pages, with 284 pages of attachments many of which contained his handwritten notes.

2

merits." *Id.* A district court also has the inherent ability to dismiss a claim in light of "its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras*, 465 F.3d at 483. We review a district court's dismissal of an action for failure to comply with the rules of the court for an abuse of discretion. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). Generally, where, as here, the litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Eleventh Circuit Rule 3-1, which took effect on December 1, 2014, provides as follows:

> A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice.

11th Cir. R. 3-1.

Lewis' appeal lacks merit for two reasons. First, pursuant to Eleventh Circuit Rule 3-1, Lewis waived any objection to the District Court's holding that his complaint was due to be dismissed for his failure to comply with the Magistrate Judge's two orders to file an amended complaint in conformity with Northern District of Florida Local Rule 5.1(J)(3) because as he failed to object to the

3

Magistrate Judge's R&R.  He did not object notwithstanding the fact that the Court had warned him of the consequences of failing to object.  11th Cir. R 3-1.

Second, even if we construed Lewis's failure to object to the R&R as applying only to the R&R's *factual* findings, we conclude that the District Court did not abuse its discretion in dismissing his complaint with prejudice, as the record demonstrates that the Court reasonably applied Rule 5.1(J)(3) and dismissed the complaint after he failed to obey the Court's two written orders to amend his complaint to comply with Rule 5.1(J)(3).  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (stating that, generally, where the litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

And finally, we reject as frivolous Lewis's argument that Rule 5.1(J)(3) is unconstitutional as applied in his case.

**AFFIRMED.**

4