[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15097
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cv-00097-WTH-PRL


DENNIS EUGENE CORDES,
All defendant's sued in their official
and individual capacities,

Plaintiff - Appellant,


versus


E. J. CHIPI,
Captain, all defendant's sued in their official
and individual capacities,
G. COLON,
Asst. Kitchen Supervisor, all defendant's
sued in their official and individual capacities,
OLGA GRAJALES,
M.D. and C.D., all defendant's sued in their
official and individual capacities,
CAPTAIN LIEU,
All defendant's sued in their official and
individual capacities,
C. LOCKETT,
Warden, all defendant's sued in their official

and individual capacities, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 16, 2019)

Before MARCUS, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Dennis Eugene Cordes, a federal prisoner proceeding *pro se*, appeals the dismissal of his action against employees of the Coleman Federal Correctional Institution.  The district court *sua sponte* dismissed Cordes's second amended complaint pursuant to Federal Rule of Civil Procedure 41(b).  The court explained that Cordes had failed to comply with the magistrate judge's order to correct deficiencies in his complaint; his amended complaint contained the same deficiencies.  On appeal, Cordes argues that he attempted to comply with court orders and did not understand why the case was dismissed.  Because the district court did not determine that Cordes's violation of a court order was willful and did not consider whether lesser sanctions were appropriate before dismissing the complaint with prejudice, we vacate the district court's decision and remand the case for reconsideration.

2

In his second amended complaint, Cordes alleged that employees of the Coleman Federal Correctional Institution violated his constitutional rights by changing his medical records, stealing his property and medical equipment, preventing him from eating, and assigning him an abdominal binder without evaluation. He further argued that they committed copyright infringement by writing his name on prescriptions. His second amended complaint set forth two causes of action, whereas his first amended complaint had set forth roughly 15.

The district court *sua sponte* dismissed the second amended complaint, determining that the complaint failed to comply with the magistrate judge's order to correct deficiencies in the first amended complaint. The court explained that Cordes's second amended complaint continued to be deficient because it raised unrelated claims, spanning multiple years, against numerous defendants. The court further noted that Cordes had been given many opportunities to amend his complaint and had been warned that failure to comply with the court order could result in dismissal of the lawsuit. The court did not specify whether the dismissal was with prejudice, determine whether Cordes had acted willfully, or decide whether lesser sanctions would be appropriate.

Cordes appealed. On appeal, Cordes argues that he attempted to comply with court orders and that the claims he alleged in his second amended complaint

3

arose from the same transaction or occurrence.  He further asserts that he did not understand why his second amended complaint was dismissed.

We review dismissal of a complaint under Federal Rule of Civil Procedure 41(b) for an abuse of discretion.  *See Equity Lifestyle Props.*, *Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 n.14 (11th Cir. 2009).  We construe *pro se* briefs liberally.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Federal Rule of Civil Procedure Rule 41(b) permits a district court to dismiss *sua sponte* a plaintiff's action for failure to comply with the rules or any order of the court.  *See* Fed. R. Civ. P. 41(b) (providing that a defendant may move to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"); *see also Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (determining that the court may dismiss a plaintiff's action "sua sponte whenever necessary to achieve the orderly and expeditious disposition of cases" (internal quotation marks omitted)).[1]

A dismissal under Rule 41(b) is an adjudication on the merits unless otherwise specified.  *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under [Rule 41(b)] . . . operates as an adjudication on the merits").  We have explained that the district court may only impose the "extreme

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

sanction" of dismissing a complaint with prejudice when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (internal quotation marks omitted). "[F]indings satisfying both prongs of [this] standard are *essential* before dismissal with prejudice is appropriate." *Id.* at 1339. "Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

As an initial matter, we must view the district court's dismissal of Cordes's second amended complaint as one with prejudice because the court did not expressly indicate whether the dismissal was with or without prejudice. *See* Fed. R. Civ. P. 41(b). Yet the court effectuated this dismissal without expressly finding that Cordes's conduct was willful and without determining that lesser sanctions, including dismissal without prejudice, were inadequate. *See Betty K. Agencies, Ltd.*, 432 F.3d at 1337-39.

We have occasionally determined that the "findings necessary to support dismissal" are implicit in an order. *See Betty K. Agencies, Ltd.*, 432 F.3d at 1339. But here, there is no indication that the district court made implicit findings either as to the willfulness of Cordes's conduct or the adequacy of lesser sanctions, and so we cannot say that the requisite findings are implicit in the district court's order.

5

Upon review, the record does not suggest that Cordes's conduct was willful. Cordes's second amended complaint contains substantially fewer claims than articulated in his first amended complaint, indicating that Cordes had attempted to comply with the court's order.  Moreover, Cordes argues on appeal that he does not understand why his complaint was dismissed and asserts that the two claims set forth in his second amended complaint arise from the same transaction or occurrence.  The record evidence tends to show that Cordes's failure to comply with the magistrate judge's orders was due to negligence or confusion, rather than willful disregard of court orders.

The district court therefore abused its discretion by *sua sponte* dismissing Cordes's complaint without finding that he had acted willfully and that dismissal without prejudice, or lesser sanctions, was inadequate.  We vacate and remand the case for further consideration.

**VACATED AND REMANDED.**