[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 18, 2006
THOMAS K. KAHN
CLERK

No. 06-11923
Non-Argument Calendar

_____

D. C. Docket No. 06-80131-CV-KLR

ANNA DINARDO,
AUGUSTA DINARDO,
VICTORIA DINARDO,

Plaintiffs-Appellants,

versus

PALM BEACH COUNTY CIRCUIT COURT JUDGE,
David F. Crow,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 18, 2006)**

Before ANDERSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Anna, Augusta, and Victoria Dinardo appeal pro se the district court's sua sponte dismissal with prejudice of their pro se civil complaint, filed pursuant to 42 U.S.C. § 1983, alleging that a Florida state judge violated their Fourteenth Amendment due process rights, as well as the district court's denial of their Fed.R.Civ.P. 59(e) motion to alter or amend the judgment. For the reasons set forth more fully below, we affirm.

On February 7, 2006, the Dinardos filed pro se the instant § 1983 complaint, asserting that they were denied their Fourteenth Amendment right to be tried by a court with jurisdiction. The Dinardos alleged that Judge David F. Crow, Palm Beach County Circuit Court Judge, improperly presided over multiple civil actions relating to a property-foreclosure judgment where the amount in controversy was below the jurisdictional amount of $15,000. The Dinardos also contended that Judge Crow acted with malice and willful intent and that, as a result of his conduct, they were ordered to pay unlawful attorney fees, suffered an equitable conversion of the deed to their home, and were evicted from their home under an illegal writ of possession. As relief, they sought $370,000 in damages, a writ of possession for their property, and $20,000,000 in punitive damages.

On February 14, 2006, the district court, without citing to authority, sua sponte dismissed the Dinardos' complaint without prejudice. The court explained

2

that, on June 9, 2003, in Dinardo v. Butterworth, Case. No. 03-80159-CIV, a different judge in the District Court for the Southern District of Florida had entered an "Order Restricting Future Filings by Plaintiffs" ("injunctive order"), whereby that judge had "permanently enjoined [the Dinardos] from filing or attempting to initiate any further pro se lawsuits in any federal court without first obtaining a written order from a judge of this court confirming that the action is not frivolous." The court in the instant case discussed that, in issuing this injunctive order, the prior judge had found that the Dinardos had filed several frivolous, facially deficient pro se lawsuits in the district court against various public officials and judicial officers. The court also determined that the Dinardos, before filing the instant complaint, had not attached a written order confirming that the complaint was not frivolous. The court concluded that this complaint was not in compliance with the injunctive order and directed the Dinardos to refile their complaint, with the requisite attached court order, if at all, within 20 days of the entry of the instant order.

On February 21, 2006, the Dinardos filed their Rule 59(e) motion, asserting that the court had erroneously dismissed their instant complaint because the injunctive order on which it relied was "a void judgment issued from a proceeding

3

coram non judice."[1]  The Dinardos explained that, because § 1983 "is not a statute providing for protection of civil rights within the meaning of 28 U.S.C. § 1343(a)(4)," the prior court lacked jurisdiction, and the court's injunctive order, thus, was void and should not be enforced..  The Dinardos, thus, contended that their filing of the instant complaint was proper under Fed.R.Civ.P. 8, and that the clerk who initially accepted the instant pleading acted properly.

In addition to this motion, the Dinardos filed a supporting memorandum, in which they, without citing to binding authority, again contended that, although they had attempted to invoke jurisdiction in their prior action asserting a § 1983 claim, the court that issued the injunctive order lacked subject-matter jurisdiction under § 1343 to decide their § 1983 claim, the proceeding was coram non judice, and the order was void.[2]  The Dinardos attached to this supporting memorandum a copy of the prior court's sua sponte injunctive order.  This injunctive order included that dismissal of the Dinardos' § 1983 action was warranted, pursuant to Fed.R.Civ.P. 12(b)(6), because, in asserting violations of their constitutional rights

---

[1] As the district court noted in its order denying the Dinardos' Rule 59(e) motion, the phrase coram non judice, that, "before a person not a judge," means that the proceeding was not a judicial proceeding because lawful judicial authority was not present and could not, therefore, yield a result.  See Burnham v. Superior Court of California, County of Marin, 495 U.S. 604, 608-09, 110 S.Ct. 2105, 2109, 109 L.Ed.2d 631 (1990).

[2] The Dinardos also filed an affidavit in support of their Rule 59(e) motion,  which contained the same assertions as in their motion and supporting memorandum.

arising out of the alleged failure by the State of Florida and the Attorney General of Florida to discharge their duties of office by not revoking the charter of the Boca Chica Homeowners Association, the Dinardos had failed to alleged a cognizable federal constitutional claim.

Furthermore, this injunctive order included that the Dinardos, appearing individually or in combination, had filed seven different pro se lawsuits in the District Court for the Southern District of Florida against various public officials and judicial officers over the preceding year, including a suit arising out of their disagreement with a property-foreclosure judgment entered by Judge Crow, acting in his capacity as a state judicial officer. This injunctive order also discussed that one of these suits, which was filed against Judge Crow, was dismissed for lack of subject-matter jurisdiction on November 26, 2002. Based on the court's review of "the history of facially deficient complaints filed by the pro se plaintiffs in the federal district court for the Southern District of Florida," and based on its inherent power and obligation to protect its dockets from abuse by frequent litigants, it sua sponte entered restrictions upon any future pro se filings by any of the plaintiffs named in the action, or by persons acting on their behalf. The court, therefore, directed the clerk of the court not to accept a complaint from any of these plaintiffs unless (1) it involved claims not arising from the same nucleus of operative fact as

5

those alleged in the underlying § 1983 action or previous actions filed by the Dinardos, and (2) had attached a written order from a judge of the district court confirming that the action is not frivolous.

After the defendant in the instant case failed to respond to the Dinardos' Rule 59(e) motion, the court denied this motion.[3] The court explained that, contrary to the Dinardos' argument, the prior court had jurisdiction over the action precipitating the injunctive order, pursuant to 28 U.S.C. §§ 1131 and 1343(a)(3), respectively, because (1) it was a civil action arising under the United States Constitution, and (2) it was an action to redress the alleged deprivation of federal constitutional rights under color of state law. The court concluded that the injunctive order was not void and that the court, therefore, had insufficient cause to reconsider its dismissal of the action.

In addition to determining that the injunctive order was not void, the court found that the instant action was substantially similar to the previously filed action against Judge Crow, as both actions (1) were brought by the same plaintiffs against the same defendant, (2) challenged the propriety of Judge Crow's entry of a final

---

[3] Before the court entered its order denying the Dinardos' Rule 59(e) motion, it ordered the Dinardos' to serve a copy of this order on the defendant, pursuant to Fed.R.Civ.P. 5. The Dinardos, thereafter, filed a certificate of service, reflecting that such service had been completed. In addition to not responding to the Dinardos' motion, the defendant also has not filed a response brief on appeal.

judgment in the same state case, and (3) alleged violations of the Dinardos' due-process rights under the Fourteenth Amendment of the United States Constitution. The court determined that, because the previously filed action was dismissed for lack of subject-matter jurisdiction, the Dinardos' duplicate filing of the same case before a different judge of the same court violated "the universally condemned practice of 'judge shopping'" and local rules of procedure. The court, therefore, concluded that the Dinardos' "attempt to manipulate judicial assignment processes" of the court "threaten[ed] the orderly administration of justice" and mandated the conversion of the dismissal of the action without prejudice to a dismissal with prejudice.

Construing the Dinardos' brief liberally, they assert that the district court erred in sua sponte dismissing the instant § 1983 complaint and denying their Rule 59(e) motion. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (explaining that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed"). The Dinardos contend that, as a result of the combination of (1) the injunctive order's requirement that they first obtain an order authorizing them to file a complaint, and (2) the court's general practice of only allowing plaintiffs to file motions in open cases, they have been deprived of their First Amendment right to access the courts.

7

The Dinardos also argue that the court that issued the injunctive order lacked subject-matter jurisdiction and the order, thus, was void. In support of this second argument, the Dinardos contend that § 1983—the only statute on which the Dinardos relied in bringing their previous civil action—is not a statute providing for the protection of civil rights within the meaning of the jurisdictional provisions in § 1343(a)(3).

The district court did not identify the authority on which it was relying in sua sponte dismissing the instant action. We, however, generally "review for abuse of discretion a district court's dismissal for failure to comply with the rules of court." Betty K. Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" Id. (internal quotation omitted). Moreover, we may affirm a decision of the district court based "on any adequate ground, even if it is other than the one on which the court actually relied." Fisherman Against Destruction of Env't, Inc. v. Closter Farms, Inc., 300 F.3d 1294, 1296-97 (11th Cir. 2002).

A court may dismiss a case with prejudice based on either Fed.R.Civ.P. 41(b), or the court's inherent power to manage its docket. Betty K. Agencies, 432

8

F.3d at 1337. Rule 41(b) allows for dismissal of an action if the plaintiff fails to prosecute or to comply with procedural rules or an order of the court. Fed.R.Civ.P. 41(b) (providing that, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant"); see also Lopez v. Aransas County Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978) (affirming a sua sponte dismissal under Rule 41(b) and explaining that, "[a]lthough the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte . . ."). Additionally, we have explained that "[t]he court's power to dismiss is an inherent aspect of its authority to enforce its order and insure prompt disposition of lawsuits." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).

Under both of these authorities, a dismissal with prejudice "is an extreme sanction that may be properly imposed only when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" Betty K. Agencies, 432 F.3d at 1337-38 (internal quotation omitted) (emphasis in original). "[T]he harsh sanction of dismissal with prejudice is thought to be more appropriate in a case [such as here,] where a party, as distinct from counsel, is culpable." See

id. at 1338 (quotation omitted).

We readily conclude that an abuse of discretion did not occur in the instant case. The district court explained, in its original sua sponte dismissal order, that dismissal without prejudice was warranted because a prior court, in issuing an injunctive order, had "permanently enjoined [the Dinardos] from filing or attempting to initiate any further pro se lawsuits in any federal court without first obtaining a written order from a judge of this court confirming that the action is not frivolous," and that the Dinardos, before filing the instant complaint, had not attached a written order confirming that the complaint was not frivolous. In subsequently converting this dismissal to one with prejudice, the district court discussed that (1) the Dinardos' duplicate filing of the same case before a different judge of the same court violated "the universally condemned practice of 'judge shopping'" and the court's local procedural rules, and (2) the Dinardos' "attempt to manipulate judicial assignment processes" of the court "theaten[ed] the orderly administration of justice." Indeed, although the Dinardos contest the court's dismissal of the instant action, they have not challenged the court's findings relating to the number and nature of their previous court filings and their intent behind those filings.

To the extent the Dinardos are contending that the dismissal was erroneous

by contesting the validity of the injunctive order, under the All Writs Act, "[t]he Supreme Court and all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). A court's power to protect its jurisdiction under this Act includes:

> the power to enjoin a dissatisfied party bent on re-litigating claims that were (or could have been) previously litigated before the court from filing in both judicial and non-judicial forums, as long as the injunction does not completely foreclose a litigant from any access to the courts.

Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1295 n.15 (11th Cir. 2002) (citing Procup v. Strickland, 792 F.2d 1069, 1079 (11th Cir. 1986) (en banc)); see also Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1099-1102 (11th Cir. 2004) (discussing in detail the All Writs Act).

In issuing the instant injunctive order, the prior federal court explained that the order was in response to "the history of facially deficient complaints filed by the pro se plaintiffs in the federal district court for the Southern District of Florida." The Dinardos have not challenged the court's finding in the injunctive order that the Dinardos, appearing individually or in combination, had filed seven different pro se lawsuits in the District Court for the Southern District of Florida against various public officials and judicial officers over the preceding year,

11

including a suit arising out of their disagreement with a property-foreclosure judgment entered by the defendant in the instant case.

Furthermore, although the Dinardos are asserting that this injunctive order exceeded the issuing court's powers under the All Writs Act by depriving them of their First Amendment right to access the courts, and they are contending that their access is blocked because the district court generally does not review pleadings in unopened cases, they have failed to cite to supporting authority for this argument. To the contrary, in Prokup, we explained, in an en banc decision, that, although the district court's injunction at issue in that case was overbroad, district courts generally have "[c]onsiderable discretion" in designing these injunctions, including authority to impose serious restrictions on a defendant bringing matters before the court without an attorney, as long as the defendant is not completely foreclosed from "any access to the courts." See Prokup, 792 F.2d at 1073-74. Thus, we have upheld dismissals of pro se actions where the plaintiffs, who were frequent litigators, violated injunctions prohibiting them from filing or attempting to initiate any new lawsuits in any federal court without first obtaining leave of the court. See Martin-Trigona v. Shaw, 986 F.2d 1384, 1387-88 (11th Cir. 1993) (listing cases where this Court has upheld pre-filing restrictions on litigious plaintiffs). Because the injunctive order the Dinardos are challenging similarly did not

12

completely foreclose them from "any access to the courts," the prior court had authority under the All Writs Act to issue it and the district court did not err in relying on this order in dismissing the instant act.

Similarly, the Dinardos' argument that this injunctive order was void and unenforceable because the issuing court lacked subject-matter jurisdiction over their underlying § 1983 complaint is without merit. We review questions of subject-matter jurisdiction de novo. Brown v. Snow, 440 F.3d 1259, 1262 (11th Cir. 2006). Under § 1331, federal courts have federal-question jurisdiction over suits "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Newton v. Capital Assurance Co., 245 F.3d 1306, 1308-09 (11th Cir. 2001) (quotation omitted).

In the instant case, the prior federal court that issued the injunctive order had subject-matter jurisdiction because the Dinardos, relying on § 1983, had asserted violations of their constitutional rights arising out of the alleged failure by the State of Florida and the Attorney General of Florida to discharge their duties of office by not revoking the charter of the Boca Chica Homeowners Association. Section 1983 provides a federal cause of action for a plaintiff alleging that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the

13

Constitution or laws of the United States; and (2) the act or omission was committed by a person acting under color of state law. See Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 332, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986); see also Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) (explaining that a successful plaintiff in a civil rights action under § 1983 must show that a person acting under color of state law deprived him of a federal right). Thus, the injunctive order was issued by a court with subject-matter jurisdiction, and the district court in the instant case did not err in relying on it in entering its dismissal order.

Finally, to the extent the Dinardos also are challenging the district court's denial of their Rule 59(e) motion, we review the denial of a Rule 59(e) motion for abuse of discretion. Lambert v. Fulton County, Ga., 253 F.3d 588, 598 (11th Cir. 2001). "The only grounds for granting [a Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact." In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999). Additionally, "[m]otions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282, 1292 (11th Cir. 2001). As discussed above, the Dinardos' Rule 59(e) motion did

14

not identify any meritorious errors of law or fact.  The Dinardos also did not

present any newly discovered or previously unavailable evidence.  Accordingly,

the district court also did not abuse its discretion in denying the Dinardos' Rule

59(e) motion.  We, therefore, affirm.

**AFFIRMED.**