[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15765
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-00223-CV-KD

ORLANDO BETHEL,
GLYNIS BETHEL,

Plaintiffs-Appellants,

versus

BALDWIN COUNTY BOARD OF EDUCATION,
a.k.a. Baldwin County Public Schools,

Defendant-Appellee,

BOB RILEY,
et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 30, 2010)

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Orlando Bethel ("Orlando") and Glynis Bethel ("Glynis") appeal the district court's dismissal of their 42 U.S.C. § 1983 civil rights complaint. They argue: (1) that the district court erred in striking their amended complaint and by closing discovery; (2) that the district court lacked jurisdiction to compel Glynis Bethel's appearance at a hearing; and (3) that the district court violated their Seventh Amendment rights by dismissing their case. We AFFIRM.

## I. BACKGROUND

On 8 April 2006, Orlando and Glynis Bethel filed a pro se 42 U.S.C. § 1983 civil rights complaint against the Baldwin County Board of Education ("the Board"), numerous employees and members of the Board and the Baldwin County school district, a Baldwin County judge, the Town of Loxley, Alabama, and several Loxley police officers, a judge, and prosecutor (collectively "defendants"). Doc. 1. The Bethels alleged that they were denied access to County school facilities after hours, that the school system denied Glynis the opportunity to work as a substitute teacher because of her religion, and that she and Orlando were denied their constitutional right to preach outside of Loxley Elementary School. Id. at 2-7.

2

The court granted the Bethels' request to give them until 20 January 2007 to complete their amended complaint and serve the defendants. Doc. 10 at 2. On 16 January 2007, the Bethels filed an amended complaint that comprised six different complaints totaling 436 pages. See Docs. 14 to 14-9. The first related to the Bethels' original complaint. The second was brought against the Town of Loxley, numerous police officers, a prosecutor, two judges, and a bail bonds man, and was related to criminal charges levied against the Bethels after they were preaching in a public park. See Doc. 14-3 at 2. The third related to the Bethels' street preaching activities in Robertsdale, Alabama, and in the Town of Loxley. See Doc. 14-5 at 2-3. The fourth involved incidents that occurred in the city of Selma, Alabama. See Doc. 14-7 at 2. The fifth involved incidents occurring in the city of Mobile, Alabama. See Doc. 14-8 at 2-3. The sixth complaint involved the city of Daphne, Alabama. See id. at 3-4.

The district court struck the Bethels' amended complaint because five of the six complaints included in it were not related to the Bethels' original complaint. Doc. 16 at 3. Though the first complaint appeared to be related to the Bethels' original complaint, the court struck it because it was filed along with the other complaints as a single document. Id. at 3 n.6. The court gave the Bethels "leave to refile an amended complaint to the extent any new allegations are related to [their]

3

original complaint." Id. In response, the Bethels argued that their amended complaint complied with the federal rules, given that all of the defendants were related because all had violated the Bethels' constitutional rights. Doc. 20 at 1. The Bethels also stated that, because the district court acted with bias, tampered with evidence, committed fraud, and was wicked, they asked God to judge the court with a plague and to vindicate the Bethels. Id.

After the defendants filed motions to dismiss and the Bethels responded that they "oppose[d] any dismissals based on the Constitution alone as opposing 'arguments,'" the district court, on 22 August 2007, dismissed all claims except for that against the Board alleging that the school board unconstitutionally denied Glynis access to the Baldwin County public school facilities for "Be a Model for the Gospel," which was a "private Christian after school hours club." Doc. 52 at 16, 19-20; 49-2. From this point forward, Glynis was the only plaintiff remaining in the case. See Doc. 52 at 16.

On 21 August 2008, the magistrate judge ordered a status conference to be held on 29 August 2008. Doc. 53. On 1 September 2008, the magistrate judge ordered that, because no action had been taken in the Bethels' case in over one year and because Glynis, at the status conference, only requested the production of a document that she already had in her custody, discovery was complete and the next

4

event was the filing of a motion for summary judgment by the Board. On 3 September 2008, the Bethels filed a notice of intent to prepare service of discovery, stating that they were going to commence discovery within seven days. Doc. 57. The Board objected to further discovery, arguing that discovery had been closed by the magistrate judge's 1 September 2008 order. Doc. 58.

In an order to show cause, the district court noted that the Clerk of Court, Chuck Diard, had reported that, on 3 September 2008, Glynis "was verbally abusive to employees of the clerk's office because they would not provide her with free copies of court documents." Doc. 59 at 1. The court stated that, on 4 September 2008, Glynis "repeatedly telephoned the Clerk's Office and engaged in abusive, harassing and threatening communications against various members of the court staff, including Mr. Diard." Id. The court asserted that it would not tolerate this type of behavior from any litigant and ordered Glynis to appear on 29 September 2008 to show why it should not prohibit her "from physically accessing, or telephonically contacting, the Clerk's Office." Id. at 1-2. The court "strongly cautioned [Glynis] that the failure to abide by [its] order may result in sanctions against plaintiff, including, dismissal of this action." Id. at 2 (emphasis in original).

After the Board moved for summary judgment, the Bethels filed document

5

requests, interrogatories, and requests for admissions. See Docs. 60-63. In an order on 23 September 2008, the district court gave summary judgment notice and informed the Bethels that they had until 6 October 2008 to respond to the Board's motion for summary judgment. Doc. 75 at 1-2. The Bethels moved to strike the Board's motion for summary judgment and moved to strike the district court's order, arguing that both the Board's motion for summary judgment and the court's 23 September order violated their Seventh Amendment right to a jury trial. Doc. 76 at 1-2; Doc. 77 at 1-4; Doc. 81 at 1-3.

A hearing was held on 29 September 2008, but Glynis failed to appear as ordered by the district court. See Doc. 86 at 1. The district court then dismissed Glynis's case with prejudice because "there [was] a clear record of [her] intentional, willful, and contumacious failure to obey an order of this court and no lesser sanction [would] suffice to preserve the authority of this court." Id. at 2. The court found that Glynis had acted willfully and contumaciously when, before the hearing, she called the court thrice and left voice messages, stating that: (1) "she would not attend the hearing because it was illegal and unlawful and because the court had no jurisdiction over her"; (2) "she received the order but would not attend the 'Kangaroo Court' or any corrupt activities at this court"; and (3) "the only way she would attend would be if she were 'physically' brought to

6

court in handcuffs by the U.S. Marshal." Id. at 3-4. Glynis "made it clear that she was not going to attend the hearing, even though she was ordered to do so and was warned that failure to appear may result in dismissal of her lawsuit." Id. at 4. The court accordingly found that no lesser sanction would adequately address her refusal to follow court orders. Id.

Orlando moved to vacate the district court's dismissal, asserting that he was not scheduled to appear before the district court. Doc. 92 at 1-2. Glynis moved to vacate the district court's dismissal, contending that: (1) the court dismissed her case based on allegations; (2) she refused to attend a "Kangaroo Court" hearing that had nothing to do with the merits of her case; and (3) the Board did not submit a motion to dismiss as required by Rule 41(b). Doc. 93 at 1-4. The district court considered both motions as motions to reconsider its order dismissing Glynis's case and it denied both motions. See Docket Sheet, entry 94.

Orlando and Glynis Bethel, pro se, appeal the district court's dismissal of their 42 U.S.C. § 1983 complaint. They appeal the district court's decision to strike their amended complaint and close discovery. They argue that the district court lacked jurisdiction to dismiss Glynis's case with prejudice after she refused to attend a hearing. They also argue that the dismissal violated their Seventh Amendment rights.

7

## II. DISCUSSION

The Bethels argue that the district court violated Fed. R. Civ. P. 12(f) by striking their amended complaint. We review the district court's decision to strike the Bethels' amended complaint for abuse of discretion. See Fla. Evergreen Foliage v. E.I. DuPont De Nemours and Co., 470 F.3d 1036, 1040 (11th Cir. 2006) (per curiam). Under this standard, we do not disturb the district court's decision as long as it is within a range of reasonable choices and is not influenced by any mistake of law. Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005). Because the Bethels are proceeding pro se, we construe their filings liberally. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).

Pursuant to Rule 12(f), a district court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The district court may limit discovery if it determines that "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii).

The amended complaint was a 436-page compilation of six complaints, five of which were unrelated to their original complaint. The district court gave the Bethels "leave to refile the amended complaint to the extent any new allegations are related to [their] original complaint." See Doc. 16 at 3 n.6. Rather than refile

8

without the five unrelated claims, the Bethels argued that the amended complaint complied with federal rules and accused the district court of wickedness, bias, tampering with evidence, and fraud. Doc. 20 at 1. The court did not abuse its discretion in dismissing the amended complaint, which included these immaterial and impertinent complaints even after the court granted leave to refile.

The Bethels argue that the district court denied them discovery by closing discovery. We also review the district court's discovery decisions for abuse of discretion. Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999). Before the district court closed discovery, the Bethels had ample opportunity to obtain discovery. In fact, more than a year elapsed after the court dismissed the majority of the Bethels' claims and before it closed discovery. Further, the Bethels' discovery requests became moot once the district court dismissed Glynis's case with prejudice for failure to comply with a court order.

The Bethels contend that the court lacked jurisdiction to hold a hearing about Glynis's interactions with the clerk's office. See Appellants' Brief at 20-27. Thus, the Bethels have abandoned any challenge to the district court's reasons for dismissing Glynis's case. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam), cert. denied, __ U.S. ___, 129 S. Ct. 74 (2008). Even if, under a liberal construction of the Bethels' appellate brief, they challenge the district

court's findings, as shown below, the district court did not abuse its discretion by dismissing Glynis's case with prejudice. The remaining issue is whether the district court had jurisdiction over its order to show cause and its order dismissing Glynis's case with prejudice. See Appellants' Brief at 20-27.

The district court's subject matter jurisdiction is a question of law that we review de novo. Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005). "We review the district court's decision to dismiss a case for failure to comply with the rules of the court for an abuse of discretion." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006). Pursuant to Rule 41(b), a defendant may move for dismissal if a plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b). "Although the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to achieve the orderly and expeditious disposition of cases." Lopez v. Aransas County Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978) (citation and quotation marks omitted). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras, 465 F.3d at 483. Moreover, a district court has "inherent power to manage its docket." Betty K Agencies, Ltd., 432 F.3d at 1337.

10

The Bethels assert that the district court lacked jurisdiction to order Glynis to show cause and to dismiss her case with prejudice, but concede that the court had jurisdiction over their § 1983 complaint.  See id. at vii.  The Bethels' contention that the district court lacked the jurisdiction to order Glynis to appear at a hearing is without merit because the district court has the inherent "authority to enforce its orders and provide for the efficient disposition of litigation."  See Zocaras, 465 F.3d at 483; Lopez, 570 F.2d at 544.  By ordering Glynis to appear and explain why it should not bar her from contacting the clerk's office, the district court was properly exercising it authority over its one of the cases on its docket. See Betty K Agencies, Ltd., 432 F.3d at 1337.

Finally, the Bethels argue that the district court violated their Seventh Amendment rights by dismissing their case.  The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ."  U.S Const. amend. VII. Under our precedent, a district court can dismiss a case where a plaintiff willfully refuses to comply with a court order.  See Lopez, 570 F.2d at 544; Fed. R. Civ. P. 41(b).  Moreover, a district court is authorized to dismiss a plaintiff's case for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A plaintiff's right to a trial by jury is not violated when a court dismisses

11

a case based on a matter of law before trial.  See Garvie v. City of Fort Walton

Beach, Fla., 366 F.3d 1186, 1190 (11th Cir. 2004) (summary judgment context).

It is unclear whether the Bethels are contending that the district court

violated their Seventh Amendment rights by dismissing Glynis's case with

prejudice for failure to comply with a court order or by granting the defendants'

motions to dismiss with respect to their other claims.  See Appellants' Brief at 29-

31.  Regardless, research has not revealed a case in which either the U.S. Supreme

Court or we have held that a dismissal violated the Seventh Amendment.

In their brief, the Bethels' assertion that the district court dismissed the case

in violation of the 7th Amendment does not contain any arguments, citations to the

record, or citations to authority – merely a list of statements.  See Appellants' Brief

at 29-31.  Given that the statements are not arguments and do not contain any

citations to the record or to authority, they are insufficient, in themselves, to raise

an issue on appeal.  Therefore, any other issue that the Bethels attempt to raise in

this appeal has been abandoned.  See Timson, 518 F.3d at 874 (holding that a pro

se appellant abandons an issue by failing to raise it on appeal).

Because a district court is authorized to dismiss a plaintiff's case where a

plaintiff wilfully refuses to comply with a court order or where a plaintiff fails to

state a claim upon which relief can be granted, the district court's dismissal of the

12

Bethels' case did not violate their Seventh Amendment rights.

### III.  CONCLUSION

Accordingly,  upon review of the record and consideration of the parties' briefs, we affirm the district court's dismissal of the Bethels' § 1983 case.

**AFFIRMED.**