[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13579
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-03717-TWT

BURDETTE LOWE,

Plaintiff-Appellant,

versus

DELTA AIR LINES INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 4, 2018)

Before TJOFLAT, JULIE CARNES and HULL, Circuit Judges.

PER CURIAM:

Burdette Lowe, proceeding *pro se* on appeal, appeals the District Court's

dismissal with prejudice of her employment discrimination claims under Title VII

of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and the Americans

with Disabilities Act, 42 U.S.C. §§ 12101–12213, as well as her claims for intentional infliction of emotional distress, breach of contract, ERISA interference, and violation of the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq*.  The District Court adopted the Magistrate Judge's Final Report and Recommendation, which recommended dismissal of her claims for failure to follow a court order because she failed to timely file her Second Amended Complaint within twenty-one days of the Magistrate Judge's order instructing her to consolidate her two lawsuits against Delta into one action.  As an alternative ground, the Report and Recommendation concluded that dismissal was warranted because Lowe failed to state a claim for which relief could be granted and further found that dismissal with prejudice was appropriate because allowing further amendment to her complaint would be futile.  She argues that her proposed Second Amended Complaint met the pleading standard and that the Equal Employment Opportunity Commission was to blame for causing her individual complaints to be untimely.

We conclude that the District Court did not err in dismissing Lowe's complaint because Lowe failed to state a plausible claim upon which relief could be granted, and Lowe waived any objection to the Court's dismissal with prejudice on the ground that further amendment would be futile.  We therefore affirm the dismissal.

I.

The District Court adopted the Magistrate Judge's Final Report and Recommendation in full.  The Magistrate Judge recommended dismissal with prejudice on alternative grounds: (1) failure to follow a court order and (2) failure to state a claim, with further amendment being futile.  To the extent the District Court dismissed Lowe's complaint with prejudice for failure to follow a court order, the Court erred.  Nevertheless, any error in this regard was harmless. Lowe's complaint failed to state a claim and she waived any objection to the District Court's dismissal of her complaint with prejudice on the ground that permitting further amendment would be futile.  We address these issues in turn.

a. *Dismissal for Failure to Follow a Court Order*

We review the dismissal of an action for failure to follow a court order for abuse of discretion.  *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).  A district court is permitted to *sua sponte* dismiss an action under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order.  *See Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (explicitly addressing the district court's *sua sponte* authority, in spite of the language of Fed. R. Civ. P. 41(b) that references an involuntary dismissal only on motion of the defendant).  The Northern District of Georgia's local rules specifically permit a court to *sua sponte* dismiss a case when a plaintiff or plaintiff's attorney has

3

refused to obey a lawful court order. LR 41.3A(2), NDGa. Under certain circumstances, failure to comply with a court order is grounds for dismissal with prejudice. LR 41.3B, NDGa.; Fed. R. Civ. P. 41(b); *see Slack v. McDaniel*, 529 U.S. 473, 489, 120 S. Ct. 1595, 1606 (2000) (holding, in a case brought for habeas corpus relief, that "failure to comply with an order of the court is grounds for dismissal with prejudice").

However, dismissals with prejudice are drastic remedies that are to be used only where a lesser sanction would not better serve the interests of justice. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993). Thus, dismissals with prejudice are inappropriate unless the district court finds both that a clear record of delay or willful misconduct exists and that lesser sanctions are inadequate to correct such conduct. *Zocaras*, 465 F.3d at 483. When a litigant has been forewarned of the consequences of not following a court order and proceeds to disregard it, the district court generally will not have abused its discretion by dismissing the action. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Here, while the Federal Rules of Civil Procedure and the Northern District of Georgia's local rules both permit *sua sponte* dismissal of a case for failure to adhere to a lawful court order, our precedent makes clear that dismissals with prejudice are warranted only under narrow circumstances, and that a litigant should be apprised of the consequences of failing to heed the district court's directives.

4

The record in this case does not clearly evince intentional delay or willful misconduct on Lowe's part.  Lowe stated that she mistakenly believed, because of her misinterpretation of the governing legal rules and her interpretation of the deadlines on PACER, that she had twenty-one days from *receipt* of the Court's order to file her Second Amended Complaint, and that she was allotted three additional days to allow for receipt by mail.  Although the Magistrate Judge's order was clear as to the deadline, there is no indication that Lowe intentionally disregarded it.  And though she did so after the deadline had already passed, Lowe filed a request for an extension of time within the mistaken timeframe she believed to be applicable, which further suggests that Lowe's failure to file her amended complaint on time was not willful.  In short, the record suggests negligence, not willful misconduct, on Lowe's part in filing her amended complaint after the twenty-one day deadline.  Under our precedent, mere negligence is not a proper basis for dismissal with prejudice.  Further, the Magistrate Judge's order instructing Lowe to file a new complaint did not inform her that dismissal with prejudice would result if she failed to file her complaint on time.

Thus, the District Court erred to the extent it relied on Lowe's failure to follow the Magistrate Judge's order as a proper basis for dismissal with prejudice.  However, any error in this regard was harmless, because the Magistrate Judge (and

5

the District Court, in adopting the Final Report and Recommendation) correctly found that Lowe failed to state a plausible claim for relief.

### b. *Dismissal for Failure to State a Claim*

We review a district court's ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss *de novo*. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). *Pro se* pleadings are to be construed liberally. *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 557 (2017). However, liberal construction of *pro se* pleadings "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted). We view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff "does not need detailed factual allegations," but must provide grounds for an entitlement to relief that constitute more "than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1959 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Brooks v.*

6

*Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015) (quotation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation omitted).  We have stated that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Here, the District Court did not err in concluding that Lowe failed to state a plausible claim for relief.  As the Magistrate Judge observed, Lowe's complaint contained multiple deficiencies, including timeliness problems with her failure-to-accommodate claims and her retaliation claims.[1]  Her Rehabilitation Act claim could not succeed because the Rehabilitation Act does not contain a standalone private right of action.  *Rogers v. Frito-Lay, Inc.*, 611 F.2d 1074, 1078 (5th Cir. 1980).  And, in any event, both Lowe's Amended Complaint and Second Amended Complaint were difficult to decipher and lacked the specificity required to survive a motion to dismiss pursuant to Rule 12(b)(6).

---

[1] In his order instructing Lowe to refile a consolidated second amended complaint, the Magistrate Judge warned Lowe that if she failed to adhere to his order and file an amended complaint within twenty-one days, he would review only the merits of her First Amended Complaint and the claims therein when considering Delta's motion to dismiss under Rule 12(b)(6).  Nevertheless, in his Final Report and Recommendation, the Magistrate Judge reviewed the merits of both Lowe's proposed Second Amended Complaint and her First Amended Complaint and found that both contained the same deficiencies.  Hence, while in this opinion we discuss primarily the Magistrate Judge's review of Lowe's Second Amended Complaint, we conclude that his review and dismissal of her First Amended Complaint was correct as well.

Lowe's Second Amended Complaint was a typical "shotgun pleading," a complaint in which "each count incorporated by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged were not material to the claim, or cause of action, appearing in a count's heading." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 n.22 (11th Cir. 2010) (Tjoflat, J., concurring in part and dissenting in part).  Her seventy-six page complaint set forth sixteen different causes of action, many duplicative and overlapping, and it is not clear from the complaint exactly which of her various factual allegations comprise her numerous claims for relief.  Although courts are to liberally construe *pro se* pleadings, as the Magistrate Judge did in analyzing Lowe's claim in his Report and Recommendation, they are not required "to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).  Here, the District Court would have to spend many hours sorting, separating, and matching up the various factual allegations and claims, and would have to attempt a full-scale rewrite of Lowe's complaint in order to glean some cognizable basis for relief from it.  Delta would have to do the same in an attempt to respond to its allegations.

8

In addition to its unmanageability, Lowe's complaint lacked specificity. As the Magistrate Judge observed, Lowe's allegations were generalized and conclusory throughout her complaint. While we do not here discuss the Magistrate Judge's thorough review of every claim, several examples are illustrative. For one, Lowe's ERISA Interference count alleged in a conclusory manner that Delta's changing of her leave status from "NWA Disability Medical Leave" to "Approved/Unapproved Medical Leave of Absence" was "without merit" and interfered with her "rights to ERISA benefits including and not limited to dental, medical, vision, and other unknown retiree benefits." But Lowe never specified those benefits in any detail, alleged that she previously received them, or specified why Delta's classification of her leave status was "without merit" or otherwise improper.[2]

---

[2] In analyzing the sufficiency of Lowe's ERISA interference and ADA discrimination claims, the Magistrate Judge applied the test used to measure whether a plaintiff has made out a *prima facie* discrimination case as set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). This standard should not have been invoked. The Supreme Court and this Court have explained on numerous occasions that the *McDonnell Douglas* burden-shifting framework is an *evidentiary* standard, not a pleading standard, and is applicable at summary judgment rather than the pleading stage. *See, e.g.*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510, 122 S. Ct. 992, 997 (2002); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam). Thus, a plaintiff does not need to satisfy the *McDonnell Douglas* standard to plead a plausible discrimination claim. *Id.* at 511, 122 S. Ct. at 997; *Surtain*, 789 F.3d at 1246. Nevertheless, an employment discrimination complaint must still provide enough factual matter to plausibly suggest intentional discrimination. *Surtain*, 789 F.3d at 1246. Here, our *de novo* review of Lowe's complaint reveals that her claims lack the specificity necessary to make out a plausible discrimination claim. Therefore, the Magistrate Judge's application of the *McDonnell Douglas* framework was harmless.

9

As to her harassment claims, which overlapped repeatedly with her various ADA claims throughout her complaint, Lowe alleged that Delta created "a pathological deceptive work/return-to-work environment [that] was hostile.  No one is comfortable around people who are constantly lying."  However, she never gave any specifics as to what Delta did to create such an environment other than offering settlements to her, which, in Lowe's view, were harassing because they required her to waive her rights to sue Delta under the ADA or Title VII of the Civil Rights Act, and refusing to allow her physician to attend settlement negotiations with her.  This is not enough to set forth a plausible claim.  To successfully make out a harassment claim, a plaintiff must show that her workplace was "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 370 (1993) (quotations and citations omitted).  As the Magistrate Judge observed, however, Lowe

> alleges that [Delta] met with [Lowe] on multiple times, permitted her to look into and apply for available vacancies (which she did not do), and permitted her reasonable extensions in light of the death of her physician, Dr. Orme.  That [Delta] did not provide the one accommodation Plaintiff requested, or allow Dr. Orme to be physically present in meetings, or provide an even greater extension, is not 'harassment.'"  Lowe further alleges that Delta's settlement offers, which included releases from all potential ERISA and ADA claims, constituted harassment.  However, the act of making a

10

settlement offer does not constitute harassment, and a litigant can offer whatever settlement terms it wants.

With respect to her various retaliation claims, Lowe alleged that Delta changed her termination code from "retired" to "resigned" in its internal employee classification system to retaliate against her for bringing her claims. However, Lowe attached, as an exhibit to her complaint, a letter from a Delta employee to her former attorney explaining that Lowe was not old enough to retire and did not possess the minimum number of years of service to be eligible for the retirement benefits she sought. Lowe did not allege if or how she was or would have been eligible for those benefits had Delta not changed her classification code.

In sum, the Magistrate Judge conducted a thorough analysis of Lowe's sixteen claims and determined correctly that she failed to state a plausible claim for relief, even under a liberal reading of her complaint. The District Court accordingly did not err in adopting the Magistrate Judge's recommendation to dismiss Lowe's action.

As to whether the District Court erred by dismissing her complaint *with prejudice*, Lowe did not raise or discuss the issue in her brief. She has thus waived the issue. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citations omitted)); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014) ("To

11

obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect.  When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

**AFFIRMED.**